UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-10380-RGS

RAMIZA DURMIC, DONALD TREANNIE,
HEATHER TREANNIE, JEAN LICATA, AND ARSENIA RODRIGUES,
on behalf of themselves and all others similarly situated,
Plaintiffs

v.

J.P. MORGAN CHASE BANK, NA,
Defendant

MEMORANDUM AND ORDER ON MOTION TO STRIKE
EXPERT REPORT OF CHRISTOPHER WYATT

November 19, 2010

STEARNS, D.J.

    Two gateposts frame the exercise of a judge's discretion to admit or exclude expert testimony. First, the witness must be shown to be sufficiently qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the Federal Rules of Evidence require that the judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but [also] reliable" (and helpful to the finder of fact). Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). "[T]he trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-593. A trial judge

1

has broad discretion to determine how to assess the reliability of expert testimony. Canavan's Case, 432 Mass. 304, 314 n.5 (2000).

The court is of the view that Christopher Wyatt is sufficiently qualified through twenty years of experience with the mortgage lending industry to testify as to mortgage loan servicing operations, including the structuring of the federal Home Affordable Modification Program (HAMP) and its policies and procedures.  More importantly, Wyatt's testimony is likely to be helpful to a jury in comprehending the complexities and operations of HAMP.[1] To the extent Wyatt's opinions constitute legal conclusions or are based on insufficient anecdotal evidence,[2] they may be subject to a proper motion *in limine* or appropriate objection at trial.  See Palandjian v. Foster, 446 Mass. 100, 111 (2006); United States v. Diaz, 300 F.3d 66, 74 (1st Cir. 2002).

### ORDER

For the foregoing reasons, J.P. Morgan Chase Bank's motion to strike the expert report of Christopher Wyatt is denied.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky, but admissible evidence."  Daubert, 509 U.S. at 596.

[2] For example, experience with one Chase homeowner seeking a permanent loan modification is a patently insufficient sample upon which to base a conclusion about Chase's effectiveness in administering its loan modifications program as a whole.