IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAMIZA DURMIC, DONALD TREANNIE, HEATHER TREANNIE, JEAN LICATA AND ARSENIA RODRIGUES**, on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs,**<br>vs.<br><br>**JP MORGAN CHASE BANK, N.A.**<br><br>    **Defendant.** | C.A. NO. 1:10-CV-10380-RGS |

**DECLARATION OF KEVIN COSTELLO
FOR PURPOSES OF SUBMITTING SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO MOTION TO DISMISS**

I, Kevin Costello, one of the counsel for Plaintiffs in this matter, provide this declaration for the purpose of submitting a recently released New York Supreme Court opinion that constitutes supplemental authority directly relevant to the Motion to Dismiss filed by Defendant JP Morgan Chase Bank, N.A. ("Chase") [Docket No. 11]. I hereby declare:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts. I have personal knowledge of the matters stated below, and if called upon to do so could testify competently to them.

2. I represent Plaintiffs in the above-captioned matter.

3. Attached hereto as Exhibit 1 is a copy of a decision published today in the New York Law Journal styled as: *Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. v Paul Meyers,* No. 34632-09, NYLJ 1202475060382 (N.Y. Supreme Ct., Nov. 10, 2010) ("*Meyers*").

4. *Meyers* is directly relevant to the pending motion to dismiss because it involves a homeowner seeking to enforce a Trial Period Plan Agreement made under HAMP by his mortgage servicer.

5. In *Meyers,* New York's Supreme Court – which is the state's trial court – rules in the context of a judicial foreclosure action in which the homeowner has raised the defense that he was offered a binding agreement to be tendered a Home Affordable Modification if he complied with certain conditions – i.e., the Trial Period Plan Agreement.

6. The *Meyers* Court, relying on its equitable powers, ruled that "the appropriate remedy is to compel specific performance of the original modification agreement [i.e., the TPP Agreement] proposed by [the servicer] and accepted by the [homeowner]." *Myers*, NYLJ 1202475060382 at *4.

7. Plaintiffs were not able to bring this opinion to the Court's attention previously because this opinion was only published today.

I make this declaration under the penalty of perjury.

Dated: November 22, 2010

                                            Respectfully Submitted,

                                            */s/ Kevin Costello*
                                            Kevin Costello

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on November 22, 2010.

                                            */s/ Kevin Costello*
                                            Kevin Costello