IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMIZA DURMIC, DONALD TREANNIE, HEATHER TREANNIE, JEAN LICATA AND ARSENIA RODRIGUES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A.<br><br>    Defendant. | C.A. NO. 1:10-CV-10380-RGS |

**PLAINTIFFS' MOTION TO CORRECT RECORD
PURSUANT TO FED. R. CIV. P. 60(a)**

Plaintiffs seek relief from this Court's Memorandum and Order On Defendant's Motion to Dismiss and Plaintiffs' Motion for a Preliminary Injunction ("Memorandum and Order") dated November 24, 2010 (Doc. No. 50) to the extent that said Order states that certain facts were not contested in connection with Plaintiffs' Motion for Preliminary Injunction when those facts were placed at issue in the record on the Motion. In addition, Plaintiffs seek to make clear that their motion was limited to Massachusetts rather than for a nationwide preliminary injunction. The inaccuracies in the Court's Order appear to be clerical errors that may be corrected under Rule 60(a) in order to clarify the record for further proceedings in this matter as well as for other Courts that may rely on the decision

1

as precedent.

In support of this motion, Plaintiffs aver as follows:

1. At page 13, the Memorandum and Order states "… during the November 22, 2010 hearing Chase's counsel, Michael Agoglia, insisted, without objection by opposing counsel, that Licata's November payment was late."

2. In connection with the filings on the Motion for Preliminary Injunction, Chase's assertion on this issue was contested in the Second Declaration of Jean Licata at ¶ 6 ("Second Licata Decl.") (Doc. No. 43-3), in which she avers under penalty of perjury that she made her November payment on October 30, 2009. A copy of the money order transmitting that timely payment is attached as Exhibit 1 to the Second Licata Declaration. See also Reply in Support of Plaintiffs' Motion for "Provisional" Class Certification at pp. 15-16 (Doc. No. 43) (discussing the parties' factual dispute on this point). In addition, it bears noting that Ms. Licata was always "current" on her trial payments under HAMP rules. "Current in this context is defined as the borrower having made all required trial period payments no later than 30 days from the date the final payment is due." *See* Supplemental Directive 09-01, attached as Exhibit 2 to Plaintiffs' First Amended Complaint at 17 [Docket No. 4-2].

3. In light of time constraints, counsel did not have an opportunity for rebuttal argument in connection with the Motion for Preliminary Injunction and therefore did not have the opportunity to point out to the Court the parties' factual dispute or to cite to Ms. Licata's supporting declaration.

4. In addition, at page 15, the Memorandum and Order states that "Ms. Licata has neither alleged to have attempted payment nor placed the payments in escrow…"

5. Ms. Licata's strenuous efforts to determine the amount of her obligations to Chase in order to make payments required by Chase are detailed in her initial declaration at ¶¶ 13-15 ("First Licata Decl.") ("Doc. No. 22") and in the Second Licata Declaration at ¶¶ 10-11. Plaintiffs' position on this issue is that Ms. Licata could not make payments absent some indication from Chase concerning how much she was required to pay following completion of her TPP payments. In light of Chase's silence, Ms. Licata, an unsophisticated consumer, was understandably confused about her obligations. She is nevertheless ready willing and able to resume payments at this time. Second Licata Decl. at ¶ 14.

6. Correction of the record sufficient to acknowledge that these issues have been in dispute may be necessary to preserve Ms. Licata's claims on these issues as the litigation progresses.

7. In addition, in two instances the Memorandum and Order suggests that Plaintiffs were seeking a nationwide injunction. To the contrary, Plaintiffs' Motion was

limited to a narrow group of Chase's Massachusetts customers. ("Doc. No. 18"). See also Doc. No. 20 (Plaintiffs' definition of the class to which the proposed injunctive relief would apply). Chase estimates the affected group to include approximately 1,845 Massachusetts borrowers. *See* Declaration of Karen Shine [Docket No. 35] at ¶ 4.

8. Plaintiffs seek correction on this issue, because the scope of the denied injunction may be relevant in other similar cases across the country in which other homeowners may seek statewide relief.

*Wherefore*, Plaintiffs request an Order correcting the record in this matter in order to avoid potential injustice.

Dated: December 2, 2010

          Respectfully submitted
          On behalf of Plaintiffs,

          */s/ Gary Klein*
          Gary Klein (BBO 560769)
          Shennan Kavanagh (BBO 655174)
          Kevin Costello (BBO 669100)
          RODDY KLEIN & RYAN
          727 Atlantic Avenue
          Boston, MA  02111-2810
          Tel:  (617) 357-5500
          Fax:  (617) 357-5030

          Stuart Rossman (BBO 430640)
          Charles Delbaum (BBO 543225)
          NATIONAL CONSUMER LAW CENTER
          7 Winthrop Square, 4th floor
          Boston, MA 02110
          Tel: (617) 542-8010
          Fax: (617) 542-8028

          Michael Raabe (BBO 546107)
          NEIGHBORHOOD LEGAL SERVICES
          170 Common Street, Suite 300
          Lawrence, MA 01840
          Tel:  (978) 686-6900

**Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2010.

                                                */s/ Gary Klein*
                                                Gary Klein

**Local Rule 7.1(A)(2) Certificate**

      I, Gary Klein, hereby certify pursuant to Local Rule 7.1(A)(2) that Plaintiffs' counsel consulted with counsel for Defendant before filing the foregoing motion. Defendant intends to file a response to this motion.

                                                */s/ Gary Klein*
                                                Gary Klein