UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE JPMORGAN CHASE MORTGAGE MODIFICATION LITIGATION )<br>)<br>)<br>THIS DOCUMENT RELATES TO: )<br>All Actions )<br>) | No. 1:11-md-02290-RGS |

**FINAL APPROVAL ORDER, FINAL JUDGMENT, AND ORDER OF DISMISSAL
WITH PREJUDICE**

Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 23 (the "Motion") [Doc. No. 414], for an order finally approving the settlement of the above captioned action, including all actions consolidated therein (the "Action"), in accordance with the Settlement Agreement dated November 26, 2013 (including its exhibits, the "Agreement"), which sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice.

Defendants JPMorgan Chase Bank, N.A., on behalf of itself and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC f/k/a EMC Mortgage Corporation, and The Bear Stearns Companies LLC (collectively, "Chase" or "Defendant") do not oppose Plaintiffs' Motion.

On December 6, 2013, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order") [Doc. No. 396]. The Parties have notified the Court of an inadvertent error by which certain accounts were omitted from the class list ("Omitted Accounts") and have amended the Agreement to exclude borrowers associated with the Omitted Accounts from the Class. The Court has reviewed the Amendment to Settlement Agreement ("Amendment") dated May 1, 2014 [Doc. No. 425-1] and has approved it and has granted relief

from the Preliminary Approval Order *Nunc Pro Tunc* as requested to exclude borrowers associated with the Omitted Accounts from the effect of that Order [Doc. No. 431].

Due and adequate notice was given to the Settlement Class in compliance with the procedures set forth in the Agreement (as Amended) and the Preliminary Approval Order (as amended *nunc pro tunc*).[1] The Court considered all papers filed and proceedings had herein. The Court conducted a hearing on May 7, 2014, to consider, among other things, whether the settlement should be approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by the Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by the Court. Otherwise being fully informed of the premises, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.  This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined in this Order.

2.  The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Parties, with the substantial involvement of an independent, nationally respected mediator, and that each Party was represented by experienced counsel.

3.  This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

---

[1] From this point in this Order, use of the terms "Agreement" and "Preliminary Approval Order" shall mean those documents incorporating their amendments and modifications.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

5. The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face substantial challenges in attempting to certify a class and in surviving an appeal of any class certification order entered in this Action, as well as surviving an appeal of any other rulings rendered during a trial of the Action.

6. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All mortgage loan borrowers whose loans are serviced by Chase (1) who participated in a Stated-Income Trial Period Plan ("TPP") extended by Chase under the Home Affordable Modification Program ("HAMP") and/or under other non-HAMP modification program, (2) who made the trial payments required by the TPP in accordance with then-governing Program Guidelines on timeliness and sufficiency, (3) whose subject property was not subject to a Completed Foreclosure after the borrower participated in a Stated-Income TPP, and (4) for whom Chase either has not made a permanent loan modification eligibility decision since the start of the trial period described in the borrower's Stated-Income TPP, or made an eligibility decision denying the loan for permanent modification during or after the trial period described in the borrower's Stated-Income TPP.

Any mortgage loan borrower who, according to Chase's records, had a pending bankruptcy action at the time Chase finalized the list of Class Members is not a Settlement Class Member. The Settlement Class *does not* include borrowers whose loans are associated with the Omitted Accounts. For the purpose of this provision, Omitted Accounts means accounts of borrowers

3

who did not receive the Class Notice pursuant to the Settlement Agreement for the reasons described in Declarations furnished to Plaintiffs on April 4, 2014, and April 7, 2014.

For purposes of this settlement only, the Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs").

In addition to the Opt-Outs identified in Exhibit 1 hereto, the objections of Laura A. Cecere, Blaine A. White and Virlynn D. Atkinson-White contained requests to opt out of the settlement if approved in the form in which it is indeed approved by this order. Pursuant to paragraph 12.1 of the Agreement, which provides that if both a request for exclusion and an objection are submitted by a Class Member, the request for exclusion controls and the objection is deemed invalid, Cecere, White, and Atkinson-White are deemed to have timely requested exclusion from the Settlement Class and are non-settling parties who are no longer members of the class, and whose rights remain unaffected by the settlement. The term "Opt-Outs" as used in the rest of this order shall include those identified in Exhibit 1 hereto and shall include Cecere, White, and Atkinson-White.

7. This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law.

8.  This Court has considered and hereby overrules each objection to the settlement for lack of merit. To the extent that any objection did not meet the requirements of the Preliminary Approval Order, the objection is additionally overruled on that ground.

9.  This Court dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned Action (subject to retention of jurisdiction to enforce the settlement as described in the Settlement Agreement). Excepted from this dismissal are the individual claims of the Individual Claimants that have not previously been dismissed and the claims of the borrowers whose loans are associated with the Omitted Accounts as defined in the Amendment to the Agreement.

10. Class Representatives, each Class Member who has not opted out of the Settlement in accordance with the terms of the Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim by or through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on conduct or claims alleged, or that could have been alleged, in the Action, based on the same transactional nucleus of operative facts, which Class Representatives or any Class Member ever had or has as of the date of the Agreement, including, but not limited to, Chase's alleged breach of contract (including, without limitation, any breach of an express or implied term), alleged breach of the implied covenant of good faith and fair dealing, and promissory estoppel, and alleged violations of state unfair and deceptive acts and practices statutes, violations of unfair debt collection statutes (including but not limited to violations of the Fair Debt Collection Practices Act and the California Rosenthal Act), or violations of any other

comparable federal, state, or local law, statute, regulation, or common law, in connection with applications for modifications to loans secured by residential real property and serviced by Chase, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief arising thereunder, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction.

  11. As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 4 of the Settlement Agreement. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release, extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representatives and Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of Section 4 of the Settlement Agreement, but each of those individuals expressly agrees that, upon entry of the Final Judgment, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Section 4 of the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

12. This Court approves an award to Class Counsel in the amount of $9,500,000 in attorneys' fees and costs, to be paid by Chase within 21 calendar days after the Effective Date. The Court approves incentive awards of $3,500 to be paid by Chase to each of the Class Representatives (excluding the Hoods as per the Amendment) within 21 calendar days after the later of (1) the Effective Date, and (2) the receipt of completed and signed W-9 forms from each Plaintiff. Plaintiffs' Co-Lead Counsel have authority to distribute the attorneys' fees and costs awarded. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement, as well as their request for attorneys' fees and costs, finds the awards appropriate based on the following factors:

    a. The settlement provides substantial benefits for the class.

    b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    c. The requested fees are substantially below the total lodestar fees of Class Counsel, based on declarations submitted to the Court.

    d. This litigation raised numerous questions of law and fact, Class Counsel were opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

    e. The Settlement was negotiated at arm's-length and without collusion, with the assistance of highly-qualified mediators.

      f.    The fees will be paid in addition to and will not diminish any class settlement.

13.    The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to the claims of Opt-Outs.

15.    Except as otherwise set forth in the Agreement, without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and this settlement, as described in the Settlement Agreement.  Class Counsel will continue in their role to oversee all aspects of the Agreement and settlement.  Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the released claims set forth in Section 4 of the Agreement, in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

16. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Order and the Preliminary Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

17. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS SO ORDERED.**

Dated: May 7, 2014

/s/ Richard G. Stearns
Hon. Richard G. Stearns
UNITED STATES DISTRICT JUDGE