# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE JPMORGAN CHASE MORTGAGE ) <br> MODIFICATION LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> All Actions ) <br> ) | No. 1:11-md-02290-RGS |

**PRELIMINARY APPROVAL ORDER**

Plaintiffs, Virginia and Theodore Luscinski, have moved, pursuant to Federal Rule of Civil Procedure 23 (the "Motion") [Doc. No. 439], for an order preliminarily approving the settlement of the above captioned action (the "Action"), in accordance with the Settlement Agreement dated May 14, 2014 (including its exhibits, the "Agreement") [Doc. No. 438-1], which sets forth the terms and conditions of a proposed settlement of the Action reached between Plaintiffs and Defendants JPMorgan Chase Bank, N.A., on behalf of itself and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC f/k/a EMC Mortgage Corporation and The Bear Stearns Companies LLC (collectively, "Chase" or "Defendant") (together, the "Parties") and its dismissal with prejudice.

Defendant does not oppose Plaintiffs' Motion.

This Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Preliminary Approval Order incorporates by reference the definitions in the Agreement, and all defined terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined in this Order.

1

2. The Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Settlement Class.

3. Based on the Court's review of the Settlement Agreement, the supporting briefs and declarations, argument of counsel, and the entire record, the Court preliminarily approves the Agreement as being fair, reasonable, and adequate, and within the range of possible approval, subject to consideration at the Final Fairness Hearing as set forth below in Paragraph 9. Plaintiffs' Motion is hereby granted.

4. For purposes of this settlement only, the Court preliminarily certifies the "Settlement Class" defined as:

> All mortgage loan borrowers whose loans are serviced by Chase (1) who participated in a Stated-Income Trial Period Plan ("TPP") extended by Chase under the Home Affordable Modification Program ("HAMP") and/or under other non-HAMP modification program, (2) who made the trial payments required by the TPP in accordance with then-governing Program Guidelines on timeliness and sufficiency, (3) whose subject property was not subject to a Completed Foreclosure after the borrower participated in a Stated-Income TPP, (4) for whom Chase either has not made a permanent loan modification eligibility decision since the start of the trial period described in the borrower's Stated-Income TPP, or made an eligibility decision denying the loan for permanent modification during or after the trial period described in the borrower's Stated-Income TPP, and (5) who, based on Declarations furnished to Plaintiffs on April 4, 2014 and April 7, 2014, did not receive the Primary Class Notice pursuant to the Primary Settlement Agreement in the Action, and therefore whose claims are not released as part of the Primary Settlement Agreement in the Action.

Any mortgage loan borrower who, according to Chase's records at the time the class list is finalized, has a pending bankruptcy action at the time Chase finalizes the list of Class Members will not be a Settlement Class Member.

5. The Court hereby finds and orders that, by not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute, and implement the Agreement, Defendant is not in any way waiving any rights or defenses other than as expressly set forth in the Agreement.

6. The Settlement Class is preliminarily certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and all members of the Settlement Class shall have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 15.

7. For settlement purposes only, and after considering the relevant factors in Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily and conditionally finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class, and the Court therefore designates Plaintiffs as representatives of the Settlement Class.

8. For settlement purposes only, and pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, the Court preliminarily and conditionally designates as Settlement Class Counsel the law firms of Klein Kavanagh Costello, LLP, Keller Rohrback L.L.P., Cuneo Gilbert & Laduca, LLP, and Levin, Fishbein, Sedran & Berman.

9. The Final Fairness Hearing shall take place before the Honorable Richard G. Stearns at 2:00 p.m. on October 8, 2014, at the United States District Court, District of Massachusetts, Courtroom No. 21, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and

adequate as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; the amount of attorneys' fees and costs, if any, that should be awarded to Settlement Class Counsel; and the amount of the incentive awards, if any, that should be awarded to Plaintiffs, as provided for in the Agreement. The Court will also hear and consider any timely and proper objections at that time.

10. The Court finds that the notice provisions as set forth in Section 3.3 of the Agreement, including the form and content of the notice attached as Exhibit 2 to the Agreement ("Class Notice"), are the only notice required, and that such notice satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws and rules, and constitutes the best notice that is practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. Within forty-two (42) days after entry of this Order, the Settlement Administrator shall provide notice of the Settlement and of the Fairness Hearing in accordance with the procedures detailed in the Settlement Agreement to each Class Member on the Class Member list at that time by mailing a copy of the Class Notice. The Settlement Administrator shall format and prepare the Class Notice to conform to the notice provisions of the Settlement Agreement.

11. Within 28 days of the entry of this Order, Chase shall compile a list of Class Members and shall provide that list to the Settlement Administrator and Class Counsel. The Settlement Administrator shall then update the entire Class Member list through the National Change of Address database ("NCOA"), before sending out Class Notice to Class Members by first-class mail.

12. The Settlement Administrator will maintain a website which shall (a) prominently display the Class Notice, and (b) make available for download the operative complaint(s), the Settlement Agreement, any motions and memoranda seeking approval of the Settlement or approval of attorneys' fees and costs payable to Class Counsel, and any orders of the Court relating to the Settlement.  The settlement website shall also provide answers to frequently asked questions, the text of which shall conform to the Class Notice approved by the Court.

13. The Court approves Kurtzman Carson Consultants, LLC as the Settlement Administrator.

14. Plaintiffs' motion papers in support of the award of attorneys' fees and costs and in support of the incentive award shall be posted and available on the settlement website at least thirty (30) days before the deadline for Class Members to opt out of or object to the Settlement.

15. Any member of the Settlement Class who wishes to be excluded from the Settlement Class shall submit a written request for exclusion by first-class U.S. mail, postage paid, to the United States Post Office box established and maintained by the Settlement Administrator for the purposes of this Settlement.  Any request for exclusion from the Class Settlement must be postmarked on or before the deadline set by the Court and specified in the Class Notice, which shall be no less than 60 calendar days after the mailing date of the Class Notice.  Anyone submitting a request for exclusion must set forth: (a) his or her full name and current address; (b) his or her Chase loan number; and (c) his or her desire to be excluded from the Settlement Class.  No member of the Settlement Class, or any person acting on behalf of or in concert or participation with that

member of the Settlement Class, may exclude any other member of the Settlement Class from the Settlement Class.

16. Any person who receives Class Notice under Section 3 of the Settlement Agreement and does not submit a request for exclusion in complete accordance with the deadlines and other specifications set forth in the Class Notice shall become a Settlement Class member and be bound by all proceedings, orders, and judgments of the Court pertaining to the Settlement Class pursuant to the Agreement, absent a court order to the contrary obtained by the Settlement Class Member at his or her own expense.

17. Any member of the Settlement Class who has not previously requested exclusion in accordance with the terms of Paragraph 15 above (a "Settlement Class Member") may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose any application for an award of attorneys' fees and costs or service payments to Plaintiffs; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member has filed with this Court a valid written statement of the objection postmarked no later than sixty (60) calendar days after the mailing date of the Class Notice. Copies of all objection papers must be mailed by first-class U.S. mail, postage paid, to the United States Post Office box established and maintained by the Settlement Administrator for the purposes of this Agreement. All objections must also be filed with the Court and served on Settlement Class Counsel and on counsel for Chase at the following addresses:

<u>As to Settlement Class Counsel:</u>

Gary Klein
Kevin Costello
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, MA 02114

Lynn Lincoln Sarko
Gretchen Freeman Cappio
**KELLER ROHRBACK L.L.P.**
1201 Third Ave., Suite 3200
Seattle, WA 98101

Jonathan W. Cuneo
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002

Charles E. Schaffer
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106

<u>As to Chase:</u>

Michael J. Agoglia
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482

To be valid, all objections must be in writing and include: (a) the objector's full name, current address, and telephone number; (b) his or her loan number; (c) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (d) the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (e) copies of all documents that the objector wishes to submit in support of his or her position; (f) the name(s) of any attorney(s) representing the objector; and (g) the name, court and docket number of any class action litigation in which the objecting Settlement Class Member and/or the objector's attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection.

18. The costs of notice and settlement administration shall be paid as described in Section 6 of the Agreement.

19. This Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to, in furtherance thereof, or in seeking entry of this Preliminary Approval Order:

(a) Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by Chase or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and/or the Final Judgment and Order of Dismissal; and

(c) Will not be construed against Chase or any of the Released Parties as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

20. Between the date of the mailing of the Class Notice and the date of the mailing of the Invitation Letter contemplated by Section 5.1 of the Agreement, foreclosure holds for Settlement Class Members will be available in accordance with Section 5.1.11 of the Agreement.

21. The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement without further notice to Settlement Class Members.

22. The Court further finds that if Final Approval does not occur or if the Agreement terminates prior to Final Approval, the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any Party to assert any right or position that it could have asserted if the Agreement had never been reached, proposed, or preliminarily approved by the Court. In such an event, nothing (1) in the Agreement (as well as the negotiation, execution, or implementation of the Agreement), (2) in the Preliminary Approval Order, or (3) filed in connection with seeking entry of the Preliminary Approval Order, shall be construed as an admission or concession by any Party of any of the allegations raised in the Action or any other action, of any fault, wrongdoing, or liability of any kind, or of the propriety of certification of a class, nor shall any Party be estopped from (i) challenging those allegations in further proceedings

in the Action or in any other action, or (ii) proposing or opposing any subsequent class certification motion(s).  Moreover, in such event, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class, including, without limitation, the right to oppose any class certification motion(s) on any ground.  In addition, in such event, the certification of the Settlement Class shall be vacated, and the operative complaint in the Action shall be the Master Consolidated Amended Class Action Complaint filed on August 25, 2011, and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification motion(s).

23. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with or enforce the terms of the Agreement or the Court's Orders.


DATED:     05/28/2014            /s/ Richard G. Stearns
                                 UNITED STATES DISTRICT JUDGE