UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE JPMORGAN CHASE MORTGAGE MODIFICATION LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) All Actions ) ) | No. 1:11-md-02290-RGS |

**FINAL APPROVAL ORDER, FINAL JUDGMENT, AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs, Virginia and Theodore Luscinski, have moved, pursuant to Federal Rule of Civil Procedure 23 (the "Motion") [Doc. No. 463], for an order finally approving the settlement of the above captioned action, including all actions consolidated therein (the "Action"), in accordance with the Settlement Agreement dated May 14, 2014 (including its exhibits, the "Agreement") [Doc. No. 438-1], which sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice.

Defendants JPMorgan Chase Bank, N.A., on behalf of itself and as successor by merger to Chase Home Finance LLC, EMC Mortgage LLC f/k/a EMC Mortgage Corporation and The Bear Stearns Companies LLC (collectively, "Chase" or "Defendant") do not oppose Plaintiffs' Motion.

On May 28, 2014, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order") [Doc. No. 442]. Due and adequate notice was given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order. The Court considered all papers filed and proceedings had herein. The Court conducted a hearing on October 8, 2014, to consider, among other things, whether the settlement should be

approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by the Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by the Court. Otherwise being fully informed of the premises, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined in this Order.

2. The Court finds that the Agreement is the product of good faith, arm's-length negotiations by the Parties, with the substantial involvement of an independent, nationally respected mediator, and that each Party was represented by experienced counsel.

3. This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds that the Settlement is, in all respects, fair, just, reasonable, and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

5. The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members

would also face substantial challenges in attempting to certify a class and in surviving an appeal of any class certification order entered in this Action, as well as surviving an appeal of any other rulings rendered during a trial of the Action.

6. This Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All mortgage loan borrowers whose loans are serviced by Chase (1) who participated in a Stated-Income Trial Period Plan ("TPP") extended by Chase under the Home Affordable Modification Program ("HAMP") and/or under other non-HAMP modification program, (2) who made the trial payments required by the TPP in accordance with then-governing Program Guidelines on timeliness and sufficiency, (3) whose subject property was not subject to a Completed Foreclosure after the borrower participated in a Stated-Income TPP, (4) for whom Chase either has not made a permanent loan modification eligibility decision since the start of the trial period described in the borrower's Stated-Income TPP, or made an eligibility decision denying the loan for permanent modification during or after the trial period described in the borrower's Stated-Income TPP, and (5) who, based on Declarations furnished to Plaintiffs on April 4, 2014 and April 7, 2014, did not receive the Primary Class Notice pursuant to the Primary Settlement Agreement in the Action, and therefore whose claims are not released as part of the Primary Settlement Agreement in the Action.

Any mortgage loan borrower who, according to Chase's records, had a pending bankruptcy action at the time Chase finalized the list of Class Members is not a Settlement Class Member. For purposes of this settlement only, the Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs").

7. This Court finds that the Class Notice was provided to the class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law.

8. This Court finds that there are no objections to the settlement by Settlement Class Members.

9. This Court dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned Action (subject to retention of jurisdiction to enforce the settlement as described in the Settlement Agreement).

10. Class Representatives, each Class Member who has not opted out of the Settlement in accordance with the terms of the Agreement, and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, and all those who claim by or through them or who assert claims on their behalf, will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, based on conduct or claims alleged, or that could have been alleged, in the Action, based on the same transactional nucleus of operative facts, which Class Representatives or any Class Member ever had or has as of the date of the Agreement, including, but not limited to, Chase's alleged breach of contract (including, without limitation, any breach of an express or implied term), alleged breach of the implied covenant of good faith and fair dealing, and promissory estoppel, and alleged violations of state unfair and deceptive acts and practices statutes, violations of unfair debt collection statutes (including but not limited to violations of the Fair Debt Collection Practices Act and the California Rosenthal Act), or violations of any other comparable federal, state, or local law, statute, regulation, or common law, in connection with applications for modifications to loans secured by residential real property and serviced by Chase, and all claims for monetary, equitable, declaratory, injunctive, or any other form of relief

arising thereunder, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction.

11. As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 4 of the Settlement Agreement. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release, extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Class Representatives and Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of Section 4 of the Settlement Agreement, but each of those individuals expressly agrees that, upon entry of the Final Judgment, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to Section 4 of the Settlement Agreement, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

12. This Court approves an award to Class Counsel in the amount of $ _190,000_ in attorneys' fees and costs, to be paid by Chase within 21 calendar days after the Effective Date. The Court approves incentive awards of $ _2,000_ to be paid by Chase to each of the Class Representatives within 21 calendar days after the later of (1) the Effective Date, and (2) the

5

receipt of completed and signed W-9 forms from each Plaintiff. Plaintiffs' Co-Lead Counsel have authority to distribute the attorneys' fees and costs awarded. This Court, having presided over the above-captioned action and having considered the materials submitted by Class Counsel in support of final approval of the settlement, as well as their request for attorneys' fees and costs, finds the awards appropriate based on the following factors:

- a. The settlement provides substantial benefits for the class.
- b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.
- c. The requested fees are consistent with the total lodestar of Class Counsel without a multiplier, based on the declaration submitted to the Court.
- d. This litigation raised numerous questions of law and fact, Class Counsel were opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.
- e. The Settlement's terms were negotiated at arm's-length and without collusion, with the assistance of highly-qualified mediators.
- f. The fees will be paid in addition to and will not diminish any class settlement.

13. The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith

settlement, judgment bar, reduction, set-off, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to the claims of Opt-Outs.

15. Except as otherwise set forth in the Agreement, without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and this settlement, as described in the Settlement Agreement. Class Counsel will continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the released claims set forth in Section 4 of the Agreement, in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

16. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, this Order and the Preliminary Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

17. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the

Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS SO ORDERED.**

Dated: _October 10, 2014_

_/s/ Richard G. Stearns_
Hon. Richard G. Stearns
UNITED STATES DISTRICT JUDGE

*EXHIBIT 1*

**KCC Class Action Services**
**Chase Loan**
List of Timely Exclusions received as of 9/30/2014
9/30/2014

**Count       6**

| KCC Control # | Borrower Last Name | Borrower First Name | Secondary Borrower Last Name | Secondary Borrower First Name |
|---|---|---|---|---|
| 1447 | BEREJNOVA | MARINA | | |
| 469 | HOWELL | GEORGE E | | |
| 1415 | NAGLE | DEBORAH | | |
| 1783 | RODRIGUEZ | CARLOS | | |
| 1131 | WEBB | LISA G | | |
| 554 | BARNES | PETER F | | |